PER CURIAM.
Upon a complaint by The Florida Bar this Court appointed a referee to conduct a hearing regarding Thomson’s alleged misconduct. Thomson tendered a conditional guilty plea for consent judgment *, acknowledging the following violations:
Case No. 65,890 — Disciplinary Rules 5-105 and 7-109(B) of the Code of Professional Responsibility;
Case No. 65,968-
Count I — Disciplinary Rules 6-101(A)(2) and (3), and 7-101(A)(2) and (3) of the Code of Professional Responsibility;
Count II — Disciplinary Rules 1-102(A)(3), (4) and (5), and 7-102(A)(6) and (7) of the Code of Professional Responsibility, and Rule 11.02(3)(a) of the Integration Rule of The Florida Bar;
Count III — Disciplinary Rules 1-102(A)(5), 6-101(A)(3) and 7-106(C)(7) of the Code of Professional Responsibility; and
Case No. 66,603 — Disciplinary Rules 1-102(A)(4) and 6-101(A)(3) of the Code of Professional Responsibility.
The referee recommended that Thomson be found guilty in accordance with his conditional plea and that he be disbarred from the practice of law in the State of Florida for a period of three (3) years.
*1170 Neither side contests the referee’s report which we hereby adopt. Accordingly, respondent, Charles E. Thomson, is hereby disbarred from the practice of law in the State of Florida effective September 16, 1985, thereby giving respondent thirty (30) days to close out his practice.
Judgment for costs in the amount of $4,911.44 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, A.C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.

 We feel it unnecessary to publish the full text of the plea. The Court file is open for inspection.